Southmayd *v.* City of Elizabeth.

SAMUEL G. SOUTHMAYD

*v.*

THE CITY OF ELIZABETH.

1. The act to quiet titles (*P. L.* 1870, p. 20) prescribes three things in respect to a suitor under it: his qualifications, when he may sue, and what his bill must contain.

2. In a bill filed under that act the complainant is not required to set out the adverse right and show how or why it is invalid; it is sufficient to allege that it is claimed or reputed that there is an outstanding hostile right.

3. Under that act a person in the peaceable possession of lands, as owner, has a right to have anything which casts a suspicion upon his title brought under judicial investigation.

On bill and demurrer.

*Mr. B. Williamson,* for demurrant.

*Mr. F. Adams, contra.*

THE VICE-CHANCELLOR.

The demurrer in this case simply alleges want of equity. The bill is filed under the act to quiet titles (*P. L.* 1870, p. 20), which enacts that when any person is in the peaceable possession of lands in this state, claiming to own the same, and his title thereto, or to any part thereof, is denied or disputed, or any other person claims, or is claimed, to own the same, or any part thereof, or any interest therein, or to hold any lien or encumbrance thereon, and no suit shall be pending to enforce or test the validity of such title, claim or encumbrance, it shall be lawful for such person so in possession to bring and maintain an action or suit in this court, to settle the title of the lands, and to clear up all doubts and disputes concerning the same. The act then directs what the bill shall contain: The bill of complaint

in such suit shall describe the lands with certainty, and shall name the person who claims, or is claimed or reputed to have, such title or interest in, or encumbrance on, the lands, and shall call upon such person to set forth, and specify his title, claim or encumbrance, and how and by what instrument the same is devised or created.

Besides giving a new remedy, this statute, in the portion just quoted, plainly prescribes three things: first, the qualifications of the suitor—he must have the peaceable possession of land, under a claim of ownership, to which an adverse right or claim is asserted, or is reputed to exist; second, under what circumstances he may resort to this remedy—only when no prior suit is pending to test the adverse right; and, third, what his bill must contain—it must describe the land clearly, and name the person who asserts the adverse right, or who it is reputed holds it, and must call upon him to disclose it.

It would seem to be clear, then, if the bill conforms in its premises to the statutory formula, and also shows that it is brought by a suitor having the requisite qualifications to sue, and that his action was instituted at a time when, by the terms of the act, he was permitted to employ the remedy given by it, that a perfect case, under the statute, was made on the pleading.

Is such a case made by the bill in this case? It avers that the complainant is the owner, by valid title, of a lot of land situate in the city of Elizabeth, which is described by metes and bounds; that he is in the peaceable possession of it; that the defendants claim to own some interest in it, under and by virtue of certain pretended assessments for local improvements, and sales made in enforcement of them, and that no suit is pending to enforce or test the validity of their claim; it then prays that the defendants may be required to set forth, specifically, what title to said land, or any part thereof, or interest therein, or lien or encumbrance thereon, they claim to have, and also to state how and by what instrument the same is derived or created, and that

the complainant's title may be settled, and the claim of the defendants declared to be illegal and void.

I think it would be difficult to suggest how a bill could be drawn more precisely in conformity with the directions of the statute.

On the argument, a single fault was ascribed to the bill: that it does not show why the right asserted by the defendants is groundless, but simply declares it to be so by the most general averment. The statute does not require the complainant to do more than this. He is merely required to allege that it is claimed or reputed that there is an outstanding hostile right. He is in the peaceable possession of the land, claiming to be the owner, and has, therefore, a right of putting to the test, in every imaginable case, everything which presents a suspicious appearance against his title, and having it freed from every lurking and unsubstantial claim. *Bogert* v. *Elizabeth City*, 12 *C. E. Gr.* 568. Under the old rule he would have been required to show, by his bill, that there was an outstanding title, apparently valid, though really void, which cast an injurious doubt upon his right, in order to present a case fit for equity cognizance; but the statute has changed this, and now, according to the rule prescribed by the statute, he is simply required to show that it is claimed there is a hostile outstanding right. He is not even bound to show that the person in whom this right inheres asserts it, but it is sufficient if it is alleged that it is reputed he holds it. The main design of the statute, as I understand it, is, to put it in the power of any person who is in the peaceable possession of land, as owner, to compel any other person who asserts a hostile right or claim, or who it is reputed holds such right or claim, to come forth, upon demand by suit, and disclaim, or show his right or claim, and submit it to judicial determination.

I think the bill sufficiently makes the case required by the statute to entitle the complainant to the defendant's answer. The demurrer will be overruled, therefore, with costs.